HUNTER & KMIEC
Keenan D. Kmiec, Esq. (State Bar No. 237327)
kmiec@hunterkmiec.com
235 Main Street, Suite 224
Venice, California 90291
Tel: (917) 859-7970
Fax: (646) 462-3356

Attorneys for Plaintiff
DONNA ANN GABRIELE CHECHELE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE,<br><br>Plaintiff,<br><br>– v. –<br><br>BLUEBIRD BIO, INC.,<br><br>Defendant. | ECF CASE<br><br>No. 16-cv-541<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Donna Ann Gabriele Chechele, by her attorneys Hunter & Kmiec, hereby complains of Defendant, averring as follows:

**JURISDICTION AND VENUE**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. § 78aa.

2. Venue is properly laid in this District pursuant to Section 27 of the Act because the services provided by Plaintiff's attorneys for Defendant's benefit were performed in whole or in part in this District.

## PARTIES AND VENUE

3. Plaintiff is a resident of the State of New Jersey and a stockholder of Defendant bluebird bio, Inc. (the "Company").

4. The Company is a Delaware corporation with principal offices at 150 Second Street, Cambridge, Massachusetts 02141. At all relevant times, the Company's common stock was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78*l*.

## FACTUAL ALLEGATIONS

5. Plaintiff has been represented in this matter by Hunter & Kmiec, a general partnership organized under the laws of the State of New York and devoted to the practice of law ("Hunter & Kmiec").

6. Plaintiff engaged Hunter & Kmiec to investigate possible "short-swing" trading in the Company's common stock under Section 16 of the Act by the Company's officers, directors, and significant shareholders. Plaintiff's agreement with Hunter & Kmiec entitled Hunter & Kmiec to a fair and reasonable fee contingent on Hunter & Kmiec's recovery of funds for the Company.

7. Pursuant to its engagement, Hunter & Kmiec reviewed Section 16 reports filed by the Company's directors and officers and the holders of in excess of 10% of its outstanding shares of common stock; researched the law applicable thereto; determined that Mr. Nick Leschly was liable to the Company; computed the extent of his liability; and prepared and delivered a statutory demand upon the Company notifying it of Leschly's liability. Some or all of the work described above occurred in Los Angeles, California.

8. Based on its investigation as described in paragraphs 6-7 above, Hunter & Kmiec notified the Company by letter dated December 9, 2015 that it believed Leschly was liable to the Company under Section 16 of the Act for short-swing

profits equaling hundreds of thousands of dollars.  Hunter & Kmiec requested that the Company seek an accounting and disgorgement of all such profits from Leschly.

9. Based on Hunter & Kmiec's demand letter as described in paragraph 8 above, the Company demanded and secured from Leschly the repayment of short-swing profits in an amount equal to $931,125.

10. Both the Company and Leschly were ignorant of their respective rights and obligations before Hunter & Kmiec's intervention on Plaintiff's behalf.  Hunter & Kmiec's services were the direct and proximate cause of the Company's recovery, and the Company has realized a windfall recovery of almost $1 million by virtue thereof.

11. Plaintiff and the Company have been unable to agree upon a fair, reasonable, and adequate fee for Hunter & Kmiec's services, and Plaintiff must now submit the dispute to this Court for resolution.

## FIRST CLAIM FOR RELIEF

12. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-11 above.

13. Acting pursuant to Section 16(b) of the Act, Plaintiff engaged Hunter & Kmiec to investigate potential "short-swing" trading in the Company's common stock.

14. As a direct and proximate result of Hunter & Kmiec's services as described herein, the Company recovered short-swing profits from Leschly in an amount equal to approximately $931,125.

15. As a remedial incident to the authority granted to Plaintiff under Section 16 of the Act, Plaintiff is entitled to recover a fair and reasonable attorney's fee in consideration for the services provided by her attorneys Hunter & Kmiec.

16. The Company has refused to pay Hunter & Kmiec a reasonable fee, despite receiving, accepting, and retaining the benefits provided by Hunter & Kmiec's services.

17. Plaintiff and Hunter & Kmiec respectfully request an award of attorney's fees in an amount equal to $232,781.25, or 25% of the $931,125 in short-swing profits recovered for the Company through the services of Hunter & Kmiec.

18. The fee described in paragraph 17 above is fair and reasonable in light of the benefits conferred upon the Company by Hunter & Kmiec and the reasonable value of Hunter & Kmiec's services.

[*remainder of page intentionally left blank*]

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Company:

(a) Awarding Hunter & Kmiec attorney's fees in the amount of $232,781.25, inclusive of all out-of-pocket disbursements, plus the costs of this action.

(b) Granting to Plaintiff such other further relief as the Court may deem just and proper.

Dated: January 25, 2016
Venice, California

HUNTER & KMIEC

By:
/s/ Keenan D. Kmiec               .
Keenan D. Kmiec, Esq.
kmiec@hunterkmiec.com
235 Main Street, Suite 224
Venice, California  90291
Tel:   (917) 859-7970
Fax:   (646) 462-3356

*Attorneys for Plaintiff*